CURT S. STEINDLER (CA Bar #143381)
LAW OFFICE OF CURT S. STEINDLER
11901 Santa Monica Blvd.
Suite 616
Los Angeles, California 90025-2767
310-213-5420
fax: 310-674-1420

Attorney for plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN, | ) Case No. CV12-10413 ABC (Ex) |
| | ) [Assigned to the Hon. Audrey B. Collins] |
| Plaintiff, | ) |
| | ) Joint Conference Report Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1 |
| vs. | ) |
| AMAZON.COM, INC., and DOES 1 TO 10, | ) |
| | ) Scheduling Conference: 4/15/2013 |
| Defendants. | ) |
| | ) |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Re: Scheduling Conference, Plaintiff Barry Rosen ("Rosen") and Defendant Amazon.com, Inc. ("Amazon") jointly submit this Report following their early meeting of counsel held on March 4, 2013.

1. **Subjects Discussed Pursuant To Federal Rule of Civil Procedure 26(f).**

The parties have agreed to exchange 26(a)(1) Disclosures on or before **April 1, 2013**.

The parties' preliminary assessment is that discovery may be required on, but not limited to:

a) the allegations in the complaint,

b) evidence of the copyrights allegedly infringed,

c) the ownership of the works allegedly infringed,

d) the basis of Rosen's direct, secondary and contributory infringement liability claims,

e) Rosen's compliance with the DMCA notice of infringement procedures,

f) Amazon's policies and procedures for posting on its amazon.com website materials from

third-party sellers. Rosen separately believes that discovery may also be required on other websites under Amazon's control,

g) Amazon's procedures for take down under the DMCA after receipt of a compliant takedown notice, and

h) Amazon's eligibility for DMCA safe harbors.

The parties reserve the right to object to any particular discovery items or categories.  The parties agree that, in the event that discovery calls for materials that the producing party has a good faith basis to consider confidential and protected (such that an agreed upon protective order would be appropriate for its production), the parties will meet and confer regarding the terms of a suitable protective order for submission and approval by this Court.  Each party will treat the other's documents as confidential, if so designated, until the Court enters a protective order.

Both parties have implemented measures to preserve discoverable information and agree to take reasonable steps to preserve whatever relevant information they may have, including metadata.

The parties' proposed fact and expert discovery cut-off is set forth below.

The parties do not anticipate phasing of discovery.

The parties agree that upon production of documents and electronic discovery, if privileged information is inadvertently produced, the parties will abide by the procedure enumerated in Federal Rule of Civil Procedure 26(b)(5)(B) for the return of those privileged documents.

Before any production of electronically stored information (ESI), the parties agree to confer with each other regarding the nature and type of ESI to be produced, including the form of production.

All documents produced in this action (whether hard copy or electronic) shall bear Bates numbers to the extent feasible.

The parties agree that no privileged communications or work product documents created after the filing of this lawsuit need to be listed on a privilege log, except for a designation of the category of documents, e.g., correspondence between client and counsel.

As allowed by Federal Rule of Civil Procedure 5(b)(2)(E), the parties agree to accept

documents by e-mail service, such that transmission of a document to the e-mail addresses listed below (subject to modification of the lists at any time by the parties by way of an e-mail notice) shall qualify and be calculated as personal service on the date transmitted (while voluminous exhibits to any documents served by e-mail may be sent by overnight delivery to the office of opposing counsel if referenced in the e-mail, and shall still receive the benefit of service on the date of transmission of the e-mail):

a. For Plaintiff: Curt S. Steindler <lawrax@lawrax.com.>

b. For Defendant: James D. Nguyen <jimmynguyen@dwt.com>

Sean M. Sullivan <seansullivan@dwt.com>

The parties do not believe that any other changes should be made at this time to the limitations on discovery imposed by the Federal Rules of Civil Procedure.

2. **Subjects Discussed Pursuant To Local Rule 26-1.**

Local Rule 26-1 requires the parties to discuss and report to the Court on certain additional issues. The parties report to the Court as follows:

a. Complex Cases:

The parties agree that this case is not unusually complex and that resort to the Manual for Complex Litigation is unnecessary.

b. Motion Schedule:

Rosen's position:

Rosen's initial assessment, based on information currently available to him, is that he may bring a motion for summary judgment and/or adjudication.

Amazon's position:

Amazon believes that certain issues in this case may be amenable to disposition by an early motion for summary judgment or partial summary judgment, including, but not limited to, whether Rosen's claims are barred and/or any alleged liability by Amazon for copyright infringement is limited in whole or in part because Amazon is protected by one or more of the Digital Millennium Copyright Act ("DMCA") Safe Harbors in 17 U.S.C. § 512. Prior to filing any such motion, Amazon will meet and confer with Rosen in an attempt to agree on date(s) for

a hearing and a briefing schedule for any such motion.

c. Settlement:

See below.

d. Trial Estimate:

See below.

e. Additional Parties:

Rosen's position:

Depending on Defendant's responses to discovery, Plaintiff may add additional entities associated with Defendant Amazon as Doe defendants.

Amazon's position:

Amazon does not at this time anticipate seeking to add any additional parties.

f. Expert Witnesses:

The parties propose that expert disclosures, including initial expert reports, be exchanged as set forth below.

**3. Subjects Discussed Pursuant to the Court's Order Re: Scheduling Conference.**

This Court's Order Re: Scheduling Conference requires the parties to discuss and report to the Court on certain additional issues. The parties report to the Court as follows:

(a) A short statement of the claims, counterclaims, and affirmative defenses.

(1) Rosen's statement: Rosen alleges that Amazon breached his exclusive rights to several of his intellectual properties by posting unauthorized copies thereof on the Internet and by offering same for sale. Rosen further alleges that Amazon failed to remove said copies from the Internet after being noticed that the items violated Rosen's copyrights.

(2) Amazon's statement: Amazon operates a website, www.amazon.com, through which it and third-party sellers sell various goods over the Internet. Rosen's a photographer who allegedly holds copyrights to his photographs of celebrities. Rosen alleges that Amazon or one of the third-party sellers identified in the complaint offered for sale and/or sold on the website certain autographed posters and printed photographs, which allegedly infringe copyrights to Rosen's photographic images of celebrities (the "Accused Products").

Amazon denies that it directly, contributorily or vicariously infringed any of Rosen's alleged copyrighted works, or any other of Rosen's intellectual property. Amazon further contends that Rosen's claims are barred and/or Amazon's liability limited by one or more of the following affirmative defenses:

i. Amazon is protected by one or more of the DMCA Safe Harbors;

ii. Amazon is not be liable under any secondary infringement theory because Rosen cannot establish that one or more of the third-party sellers that allegedly sold the Accused Products through Amazon's website is liable for direct copyright infringement;

iii. Rosen's claims for contributory liability are barred because Amazon lacked the requisite knowledge of the alleged primary infringement by the third-party sellers and did not encourage or induce the alleged primary infringement by third-party sellers;

iv. Rosen claims Amazon continues to infringe upon his copyrights, which Amazon denies. If true, however, Rosen failed to mitigate his damages by failing to properly identify for Amazon the allegedly infringing materials on its website, failing to work with Amazon to identify and have removed the disputed material from Amazon's website, and/or failing to properly invoke the DMCA takedown notice procedure;

v. Amazon's conduct was in good faith and with non-willful intent, at all times;

vi. Rosen's claims are barred, in whole or in part, by any defense that could be asserted by any third parties alleged to be direct infringers of Rosen's copyrights, including express and implied license, estoppel, de minimis use, and fair use;

vii. Rosen's claims are barred by the doctrine of fair use, 17 U.S.C. § 107; and

viii. Rosen's claims are barred by the first sale doctrine.

(b)     Key legal issues:

Rosen's statement:  The key legal issue in this action is whether Amazon is liable for copyright infringement by encouraging and allowing third parties to post Rosen's intellectual property on Amazon's web sites without Rosen's permission and by failing to remove the infringing items from their web sites after receiving notice of those infringements. A secondary issues is whether Amazon qualifies for immunity under the DMCA Safe Harbors.

Amazon's statement:  The key legal issues in this action include:  1) whether Rosen provided adequate notice of infringing material to Amazon under the DMCA's notice and takedown procedure, in order to require Amazon to disable access to or remove the allegedly infringing material from amazon.com; 2) whether Amazon qualifies for immunity under the DMCA Safe Harbors; 3) whether Rosen's claims are barred by the doctrine of fair use; and 4) whether Rosen's claims are barred by the first sale doctrine because the third-party sellers who offered for sale or sold the Accused Products on www.amazon.com lawfully acquired ownership of some, if not all, of the originals or authorized copies of those Accused Products.

(c)     Likelihood of motions seeking to add other parties or claims, file amended pleadings, or transfer venue.

See above.

(d)     Discussion of discovery and experts pursuant to Rule 26(f).

See above.

(e)     Issues which may be resolved by motions for summary judgment.

(1)     Rosen's statement:  Rosen believes that all issues of liability can be resolved by summary adjudication.

(2)     Amazon's statement:  Amazon believes that certain issues in this case may be amenable to disposition by a motion for summary judgment, or partial summary judgment, including, but not limited to, whether Rosen's claims are barred and/or any alleged liability by Amazon for copyright infringement is limited in whole or in part because Amazon is protected by one or more of the Digital Millennium Copyright Act ("DMCA") Safe Harbors in 17 U.S.C. §

512.  Amazon further believes that such a motion by it can be brought earlier than normal in this case because only limited discovery by Rosen on the relevant issues will be needed.

(f)     Description of settlement discussions to date, and the settlement selection pursuant to Local Rule 16.

The parties have not yet been able to informally settle this matter.  However, the parties remain open to settlement discussions.  The parties have not agreed upon a mutually acceptable settlement procedure pursuant to Local Rule 16-15.  Rosen proposes a mandatory settlement proceeding before a magistrate judge, while Amazon proposes private mediation.

(g)     Estimated time for trial and whether it will be by jury or court:

The parties estimate the jury trial will last 5 to 6 court days.

(h)     Proposed dates.

See below.

(i)     Any other matters affecting the status of the case.

None.

(j)     Not applicable. (ERISA only)

(k)     Not applicable. (Patent only)

(l)     Consent to Magistrate Judge.

The parties do not consent to having a magistrate judge preside over the entire case.

(m)     Jurisdiction:

The Parties agree that this action arises under the Copyright Act, 17 U.S.C. § 101 et seq. and that this Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

(n)     Claims and Defenses:

See section 3(a)(2) above.

(o)     Discovery Cut-Off:

The parties propose that discovery be cutoff as set forth below.

(p)     Trial Matters:

The parties propose that the Final Pre-Trial Conference and Trial be scheduled as set forth

below.

(q)     Anticipated Problems:

The parties do not anticipate any major procedural or evidentiary problems.

(r)     Settlement:

See above.

**4. Proposed Dates.**

| | |
|---|---|
| **Cut-off date for filing motions to join other parties or amend the pleadings** | **August 12. 2013** |
| **Discovery cut-off** | **September 9, 2013** |
| Expert disclosure (initial) | October 7, 2013 |
| Expert rebuttal disclosure | November 4, 2013 |
| Expert discovery cut-off | November 25, 2013 |
| **Cut-off date for motions to be filed is** | **December 16, 2013** |
| **Final Pre-trial Conference** | **February 24, 2014** |
| **Trial** | **March 11, 2014** |

DATED:                          Law Offices of Curt S. Steindler


                                / s /
                                Curt S. Steindler



DATED:
                                Davis Wright Tremaine LLP


                                / s /
                                James D. Nguyen
                                Attorneys for Defendant Amazon.com, Inc.