DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

JAMES D. NGUYEN (State Bar No. 179370)
  jimmynguyen@dwt.com
SEAN M. SULLIVAN (State Bar No. 229104)
  seansullivan@dwt.com

Attorneys for Defendant
AMAZON.COM, INC.


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| BARRY ROSEN,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>AMAZON.COM, INC., and DOES<br>1 TO 10,<br><br>　　　　　　　Defendants. | Case No. **CV12-10413 ABC (Ex)**<br>[Assigned to the Hon. Audrey B. Collins]<br><br>**DECLARATION OF ANNE TARPEY IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:  March 10, 2014<br>Time:  10:00 a.m.<br>Courtroom:  680<br><br>[Related Documents Filed Concurrently]<br><br>Action Filed: December 5, 2012<br>Trial Date:  TBD |

## DECLARATION OF ANNE TARPEY

I, Anne Tarpey, declare and state as follows:

1.      I am a designated copyright agent for Amazon.com, Inc. ("Amazon"), a position I have held since May 2011.  I make this declaration in support of Amazon's Opposition to the Motion for Partial Summary Judgment filed by plaintiff Barry Rosen in this action.  The facts stated below are true of my own personal knowledge, except for those matters stated on information and belief, which I am informed and believe to be true.

2.      In my role as copyright agent, I am responsible for, among other matters, reviewing incoming notices of copyright infringement (DMCA takedown notices), responding to the sender of the DMCA takedown notice, and, when appropriate, for initiating actions to disable access (on the Amazon's www.amazon.com website) to products or images properly identified in the DMCA takedown notices.

3.      On May 26, 2011, at 9:46 a.m., Amazon received an email from Barry Rosen sent to copyright@amazon.com.  In this email, Mr. Rosen claimed he owned the intellectual property rights to a product that was listed for sale on Amazon.com without his authorization.  Mr. Rosen described the product as:  "My registered photo of a celebrity, model or athlete (Charlotte Lewis)."  Mr. Rosen then listed two URL links, including a link to the "product detail page" (referred to hereafter as "Detail Page") on Amazon's website where the product was listed for sale, and a link to the specific location on Amazon's servers where the image file linked to the Detail Page was stored pursuant to Amazon's automated functions for processing such image files.  A true and correct copy of the email sent by Mr. Rosen to Amazon on May 26, 2011 is attached hereto as Exhibit "A".  I am familiar with Mr. Rosen's May 26, 2011 email because it was assigned to me to investigate and handle.  When Amazon received the May 26, 2011 email, it was the first time Amazon was made aware that the product identified in that email might be infringing.

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4.     The allegedly infringing product identified in Mr. Rosen's May 26, 2011 email appeared – from the product description provided on the Detail Page by its third-party seller – to be an autographed 8x10 portrait of actress/model Charlotte Lewis.

5.     On May 26, 2011, at 1:51 p.m., I submitted a request to remove the Detail Page for the product Mr. Rosen identified to the internal team responsible for processing such removals. At 2:05 p.m. that same day, I received a message from a member of that team informing me that the product Detail Page at issue in Mr. Rosen's request had been removed and that Amazon had sent the seller who had listed that product a notification that the Detail Page had been removed based on a complaint under the DMCA.

6.     On May 26, 2011, at 1:54 p.m., I sent an email response to Mr. Rosen's email in which I informed him that the product he identified in his email from earlier in the day had been listed on Amazon.com by a third-party merchant without prior review by Amazon and that Amazon was in the process of removing from its website the specific product identified in Mr. Rosen's May 26, 2011 email. A true and correct copy of the email I sent to Mr. Rosen on May 26, 2011 is attached hereto as Exhibit "B".

7.     Mr. Rosen did not respond to my email. Nor did Mr. Rosen ever contact Amazon again about the product identified in his May 26, 2011 email, until he filed this lawsuit.

8.     On Sunday November 11, 2012, Amazon received an email from Mr. Rosen sent to copyright@amazon.com. In this email, Mr. Rosen claimed he owned the intellectual property rights to two products that were listed for sale on Amazon.com without his authorization. Mr. Rosen described the products as: "My registered photo of a celebrity, model or athlete (Ali Landry)." Mr. Rosen then listed two URL links for each of the products, including a link to the Detail Page on Amazon's website where each product was listed for sale and a link to the specific

2

ANNE TARPEY DECL. OPPOSING MOT.
FOR PARTIAL SUMMARY JUDGMENT
DWT 23438855v7 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  location on Amazon's servers where each image file linked to the Detail Page was

2  stored pursuant to Amazon's automated functions for processing such image files.  A

3  true and correct copy of the email sent by Mr. Rosen on November 11, 2012 is

4  attached hereto as Exhibit "C".  I am familiar with Mr. Rosen's November 11, 2012

5  email because it was assigned to me to investigate and handle.  When Amazon

6  received the November 11, 2012 email, it was the first time Amazon was made aware

7  that the products identified in that email might be infringing.

8       9.     Both of the allegedly infringing products identified in Mr. Rosen's

9  November 11, 2012 email appear – from the product descriptions provided on the

10  Detail Pages by their respective third-party sellers – to be 8x10 printed photographs

11  of actress/model Ali Landry.

12       10.     On November 19, 2012, I submitted a request to remove the Detail

13  Pages for the products identified to the internal team responsible for processing such

14  removals.

15       11.     A true and correct copy of the November 20, 2012 email, retrieved from

16  Amazon's business records kept in the normal course of its business, from Amazon

17  to the third-party seller that posted the allegedly infringing product identified in Mr.

18  Rosen's November 11, 2012 email is attached hereto as Exhibit "D".

19       12.     On November 19, 2012, I sent an email response to Mr. Rosen in which

20  I informed him that the products he identified in his email from November 11, 2012,

21  had been listed on Amazon.com by a third-party merchant without prior review by

22  Amazon and that Amazon was in the process of removing from its website the

23  specific products identified in Mr. Rosen's November 11, 2012 email.  A true and

24  correct copy of the email I sent to Mr. Rosen on November 19, 2012 is attached

25  hereto as Exhibit "E".

26       13.     Mr. Rosen did not respond to my email.  Nor did Mr. Rosen ever contact

27  Amazon again about the products identified in his November 19, 2012 email, until he

28  filed this lawsuit.

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

2     I declare under penalty of perjury under the laws of the United States of

3  America that the foregoing is true and correct.  Executed on this 10th day of

4  February, 2014, in Seattle, Washington.

5

6     _____

7                                          Anne Tarpey

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANNE TARPEY DECL. OPPOSING MOT.
FOR PARTIAL SUMMARY JUDGMENT
DWT 23438855v7 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899