**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

JAMES D. NGUYEN (State Bar No. 179370)
jimmynguyen@dwt.com
SEAN M. SULLIVAN (State Bar No. 229104)
seansullivan@dwt.com

Attorneys for Defendant
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., and DOES 1 TO 10,<br><br>    Defendants. | Case No. **CV12-10413 ABC (Ex)**<br>[Assigned to the Hon. Audrey B. Collins]<br><br>**DECLARATION OF GARTH SKOVGARD IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: March 10, 2014<br>Time: 10:00 a.m.<br>Courtroom: 680<br><br>[Related Documents Filed Concurrently]<br><br>Action Filed: December 5, 2012<br>Trial Date: TBD |

GARTH SKOVGARD DECL. OPPOSING MOT. FOR PARTIAL
SUMMARY JUDGMENT
DWT 23439847v13 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DECLARATION OF GARTH SKOVGARD

I, Garth Skovgard, declare and state as follows:

1.  I am a paralegal and a designated copyright agent for Amazon.com, Inc. ("Amazon"), a position I have held since March 2009. I make this declaration in support of Amazon's Opposition to the Motion for Partial Summary Judgment filed by plaintiff Barry Rosen in this action. The facts stated below are true of my own personal knowledge, except for those matters stated on information and belief, which I am informed and believe to be true.

2.  In my role as copyright agent, I am responsible for, among other matters, reviewing incoming notices of copyright infringement (DMCA takedown notices), responding to the sender of the DMCA takedown notice, and, when appropriate, for initiating actions to disable access (on Amazon's www.amazon.com website) to products or images properly identified in the DMCA takedown notices.

## Amazon's Procedure For Receiving And Responding To DMCA Takedown Notices And Repeat Infringer Policy

3.  Amazon has adopted a procedure for receiving complaints about copyright infringement and conveying such complaints to its users. Amazon posts on its website the procedures for submitting a complaint about alleged copyright infringement. A true and correct copy of those procedures is attached as Exhibit "I"; those procedures are available online at http://www.amazon.com/gp/help/customer/display.html/ref=help_search_1-1?ie=UTF8&nodeId=508088&qid=1391474660&sr=1-1. Amazon accepts DMCA takedown notices via facsimile, email, an online automated form available through Amazon.com, regular mail and overnight delivery.

4.  As an online service provider, Amazon selected and registered with the U.S. Copyright Office a designated agent and contact information – including an email address – for receipt of DMCA takedown notices by copyright holders. Attached as Exhibit "J" is a true and correct copy of Amazon's Designation of Agent

1

GARTH SKOVGARD DECL. OPPOSING MOT. FOR PARTIAL
SUMMARY JUDGMENT
DWT 23439847v13 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to Receive Notification of Claimed Infringement form on file with the Copyright Office since February 11, 2009. The agent designated on the form, Adrian Garver, is still a copyright agent at Amazon.

5. Amazon employs two teams to respond to takedown notices, including a dedicated group of Copyright agents. All DMCA takedown notices sent to any of the addresses listed on Amazon.com and the addresses listed on the DMCA agent form filed with the Copyright Office are forwarded to one of these two groups at Amazon.

6. When Amazon receives a DMCA takedown notice regarding a listing on its website from a copyright owner that satisfies the takedown notice requirements of the DMCA, Amazon's policy is to remove or disable access to the specific "product detail page" (referred to hereafter as "Detail Page") for the product or content identified in the notice. A Detail Page is the webpage that lists information about a particular product offered for sale through Amazon.com. Customers may only purchase products through Amazon.com from product Detail Pages. Thus, once access to the Detail Page is disabled, a user cannot purchase the product either by attempting to load the URL for the Detail Page or by attempting to load the URL for the product image previously displayed on the Detail Page.

7. In addition, Amazon has an internal team that warns third-party sellers, and suspends and/or blocks selling privileges for third-party sellers when they violate Amazon's policies for repeat violators. Amazon maintains a detailed internal confidential standard operating procedure for this team to use for responding to intellectual property infringement notices, including those under the DMCA, that details Amazon's policies for warning, suspending and/or blocking third-party seller accounts. This written procedure has changed over time, but it has always been Amazon's policy to terminate selling privileges, or suspend and/or block seller accounts for sellers when they violate Amazon's policies, including repeat copyright violators. Attached as Exhibit "K" is a true and correct copy of Amazon's DMCA SOP that was in effect until Fall 2013, and which is stored and maintained on

2

GARTH SKOVGARD DECL. OPPOSING MOT. FOR PARTIAL
SUMMARY JUDGMENT
DWT 23439847v13 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Amazon's systems in the normal course of its business. In the Fall of 2013, Amazon further strengthened its procedures and adopted a new internal standard operating procedure for addressing notices of intellectual property infringement, including those under the DMCA.

8. On February 6, 2014, a search was conducted at my direction of Amazon's systems to determine the number of seller accounts that had been blocked in 2013. In 2013, Amazon blocked 5,873 seller accounts based in the United States, including accounts that were blocked because they were subject to repeat notices of intellectual property infringement.

**Amazon's Receipt Of And Response To Plaintiff's DMCA Takedown Notices**

9. On December 19, 2010, at 10:54 p.m., Amazon received an email from Barry Rosen sent to copyright@amazon.com. In this email, Mr. Rosen claimed he owned the intellectual property rights to a product that was listed for sale on Amazon.com without his authorization. Mr. Rosen described the product as: "My registered photo of a celebrity, model or athlete (Eleniak)." Mr. Rosen then listed five URL links, including multiple links to the Detail Page on Amazon's website where the product was listed for sale and links to the specific location on Amazon's servers where the image file linked to the Detail Page was stored pursuant to Amazon's automated functions for processing such image files. A true and correct copy of the email sent by Mr. Rosen to Amazon on December 19, 2010 is attached hereto as Exhibit "L". I am familiar with Mr. Rosen's December 19, 2010 email because it was assigned to me to investigate and handle. When Amazon received the December 19, 2010 email, it was the first time Amazon was made aware that the product identified in that email might be infringing.

10. The allegedly infringing product identified in Mr. Rosen's December 19, 2010 email appeared – from the product description provided on the Detail Page by its third-party seller – to be a 24x36 inch poster of actress/model Erika Eleniak.

3

GARTH SKOVGARD DECL. OPPOSING MOT. FOR PARTIAL
SUMMARY JUDGMENT
DWT 23439847v13 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

11. On December 20, 2010, at 4:00 p.m., I submitted a request to remove the Detail Page for the product Mr. Rosen identified to the internal team responsible for processing such removals. On December 22, 2010, I received a message from a member of that team informing me that the product detail page at issue in Mr. Rosen's request had been removed and that Amazon had sent the seller who had listed that product a notification that the page had been removed based on a complaint under the DMCA. Attached hereto as Exhibit "M" is a true and correct copy of the December 22, 2010 email correspondence, retrieved from Amazon's business records kept in the normal course of its business, between Amazon and the third-party seller that posted the allegedly infringing product identified in Mr. Rosen's December 19, 2010 email.

12. On December 20, 2010, at 4:01 p.m., I sent an email response to Mr. Rosen in which I informed him that the product he identified in his email from the day before had been listed on Amazon.com by a third-party merchant without prior review by Amazon and that Amazon was in the process of removing from its website the specific product identified in Mr. Rosen's December 19, 2010 email. A true and correct copy of the email I sent to Mr. Rosen on December 20, 2010 is attached hereto as Exhibit "N".

13. Mr. Rosen did not respond to my email. Nor did Mr. Rosen ever contact Amazon again about the product identified in his December 19, 2010 email, until he filed this lawsuit.

14. On January 31, 2011, I requested that an internal Amazon team remove from Amazon's servers the product image file of the Erika Eleniak poster identified in Mr. Rosen's December 19, 2010 email, which was stored on Amazon's servers pursuant to Amazon's automated functions for processing such image files. That image was deleted from Amazon's systems as of February 7, 2011.

GARTH SKOVGARD DECL. OPPOSING MOT. FOR PARTIAL
SUMMARY JUDGMENT
DWT 23439847v13 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

15. The four allegedly infringing products identified in Mr. Rosen's complaint appeared – from the product description provided on the Detail Page by their third-party sellers – to be:

    a. a 24x36 inch poster of actress/model Erika Eleniak;

    b. an autographed 8x10 "portrait" of actress/model Charlotte Lewis; and

    c. two 8x10 printed photographs of actress/model Ali Landry.

(collectively referred to as the "Accused Products").

16. The Accused Products were all sold and fulfilled directly by third-party sellers.

17. On December 6, 2012, I requested the removal from Amazon's servers of the two product image files for the two Ali Landry photographs, both of which were stored on Amazon's servers pursuant to Amazon's automated functions for processing such image files. On December 12, 2012, I requested the removal from Amazon's servers of the product image file for the Charlotte Lewis autographed "portrait," which was stored on Amazon's servers pursuant to Amazon's automated functions for processing such image files. On December 20, 2012, I received confirmation from a member of the internal Amazon team, confirming that the product image files I identified on December 6 and December 12, 2012 had been removed from Amazon's servers. (As discussed above, on January 31, 2011, I had previously requested the removal from Amazon's servers of the product image file of the disputed Erika Eleniak poster, which was deleted as of February 7, 2011.)

**There Were Only Two Sales Of Any Of The Accused Products**

18. In response to discovery requests served by Mr. Rosen in this action, I was asked to search for all sales records for any sales made of the Accused Products. On August 7, 2013, I ran a search through Amazon's systems used to record and retain sales information, which is used, in part, to track sales of products sold through

5
GARTH SKOVGARD DECL. OPPOSING MOT. FOR PARTIAL
SUMMARY JUDGMENT
DWT 23439847v13 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 Amazon.com, for any sales made of the Accused Products. A true and correct copy
2 of the results of that search is attached hereto as Exhibit "O".

3     19. As shown on Exhibit "O", there were only two sales of <u>any</u> of the
4 Accused Products. One copy of each of the two 8x10 printed photographs of
5 actress/model Ali Landry were purchased from a third-party seller named "Arrick's
6 Collectables" on November 11, 2012, and were sold for $6.00 each. According to
7 Amazon's sales records, there were no other sales of any of the Accused Products
8 through Amazon.com.

10 I declare under penalty of perjury under the laws of the United States of
11 America that the foregoing is true and correct. Executed on this 10th day of
12 February, 2014, in Seattle, Washington.

                                                                Garth Skovgard

6
GARTH SKOVGARD DECL. OPPOSING MOT. FOR PARTIAL SUMMARY JUDGMENT
DWT 23439847v13 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899