**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

JAMES D. NGUYEN (State Bar No. 179370)
    jimmynguyen@dwt.com
SEAN M. SULLIVAN (State Bar No. 229104)
    seansullivan@dwt.com

Attorneys for Defendant
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>        Plaintiff,<br><br>    vs.<br><br>AMAZON.COM, INC., and DOES 1 TO 10,<br><br>        Defendants. | Case No. **CV12-10413 ABC (Ex)**<br>[Assigned to the Hon. Audrey B. Collins]<br><br>**DECLARATION OF SEAN M. SULLIVAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: March 10, 2014<br>Time: 10:00 a.m.<br>Courtroom: 680<br><br>[Related Documents Filed Concurrently]<br><br>Action Filed: December 5, 2012<br>Trial Date: TBD |

SEAN M. SULLIVAN DECL. OPPOSING MOTION FOR
PARTIAL SUMMARY JUDGMENT
DWT 23524069v1 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DECLARATION OF SEAN M. SULLIVAN

I, Sean M. Sullivan, declare and state as follows:

1. I am an attorney admitted to practice before all of the courts of the State of California and before this Court. I am an associate in the law firm of Davis Wright Tremaine LLP ("DWT"), and I am one of the attorneys representing Amazon.com, Inc. ("Amazon") in this matter. The facts stated below are true of my own personal knowledge, except for those matters stated on information and belief, which I am informed and believe to be true.

2. I have read and reviewed Plaintiff's motion for partial summary judgment and supporting papers, and am familiar with their contents.

## Plaintiff Never Sought To Meet and Confer or Compel Production Of Any Of The Information Or Documents He Claims Were Not Produced

3. On July 12, 2013, I received an email from Plaintiff's prior counsel, Curt Steindler, attaching Plaintiff's First Set of Interrogatories and Demands for Production of Documents to Amazon. A true and correct copy of the email I received, without attachments, is attached hereto as Exhibit "P".

4. On August 29, 2013, I sent Mr. Steindler an email, attaching Amazon's written responses to Plaintiff's First Set of Interrogatories and Demands for Production of Documents, a copy of which were attached as Exhibits 1 and 23 to Plaintiff's motion. I helped to prepare Amazon's written responses and familiar with their contents. Because Plaintiff's requests called for the production of certain documents that Amazon deemed confidential, I objected (on Amazon's behalf) on those grounds and stated that Amazon would produce any such documents upon entry of an appropriate protective order.

5. Plaintiff never served any other written discovery, nor did he or his attorneys ever request to take the deposition of any Amazon witnesses.

6. On August 30, 2013, I sent a letter via Federal Express to Mr. Steindler enclosing a CD with Amazon's initial set of documents produced in response to

1

SEAN M. SULLIVAN DECL. OPPOSING MOTION FOR
PARTIAL SUMMARY JUDGMENT
DWT 23524069v1 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's First Set of Demands for Production of Documents. A true and correct copy of this letter, without enclosure, is attached as Exhibit "Q".

7. I reviewed all documents produced by Amazon in this matter and am aware of the contents of its production. On the CD produced to Mr. Steindler on August 30, 2013, were documents identifying the email address of one of the third-party sellers identified by Plaintiff in his complaint, Arrick's Collectables. Amazon had additional documents to produce that would further identify the contact information for the other two third-party sellers identified by Plaintiff, but required entry of a protective order before it could produce these documents due to the privacy obligations Amazon owes to its third-party sellers.

8. On September 3, 2013, I received an email from Mr. Steindler. As reflected in that email, Mr. Steindler purported to meet and confer regarding Amazon's assertion of confidentiality and statement that Amazon needed a protective order before it could produce certain documents called for by Plaintiff's requests. A true and correct copy of the email I received from Plaintiff is attached hereto as Exhibit "R".

9. I responded to Mr. Steindler in an email later that day. As reflected in that email, I pointed out that the parties had contemplated the need for a protective order in their Joint Rule 26(f) Report, explained that a draft protective order would be sent to him shortly and explained that if there were any outstanding issues left to meet and confer on, to let me know. A true and correct copy of my email to Mr. Steindler is attached hereto as Exhibit "S".

10. Mr. Steindler did not respond to my email, nor did he ever attempt to meet and confer with me regarding any other issues he might have with Amazon's discovery responses. Mr. Steindler mentioned some "issues" he had with Amazon's responses, but he never specified what those issues were nor provided written notice to me of any request to formally meet and confer regarding any issues.

2

SEAN M. SULLIVAN DECL. OPPOSING MOTION FOR
PARTIAL SUMMARY JUDGMENT
DWT 23524069v1 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

11. On September 9, 2013, I sent Mr. Steindler an email attaching drafts of a stipulated protective order for his review. A true and correct copy of my email to Mr. Steindler is attached hereto as Exhibit "T".

12. Over the next month and a half, I engaged in numerous discussions with Mr. Steindler over the terms of the proposed protective order and exchanged another draft of the protective order with him.

13. Finally, on October 25, 2013, Mr. Steindler sent me an email with his signature page to the stipulation for a protective order. A true and correct copy of that email is attached as Exhibit "U".

14. In a telephone call on November 15, 2013, after the mediation between the parties on October 30, 2013, and after numerous attempts by me to discuss with Mr. Steindler re-scheduling the deposition of his client, Mr. Steindler informed me that he was substituting out of the case. I sent Mr. Steindler an email following our telephone call outlining a number of outstanding issues and informing Mr. Steindler that I was going to file the stipulation for protective order the following Monday and that Amazon would produce any confidential documents following entry of an order based on that stipulation. I also asked Mr. Steindler to forward my email to new counsel for Plaintiff. A true and correct copy of my email to Mr. Steindler is attached hereto as Exhibit "V".

15. That same day, Plaintiff filed a request to substitute counsel from Mr. Steindler to his current counsel, Adam Gafni.

16. On November 18, 2013, I filed the stipulated protective order with the Court, which was entered the same day. However, given the fact that Plaintiff was substituting counsel, I felt that it would be better to produce to Plaintiff's new counsel (rather than Mr. Steindler) the documents we had been holding pending entry of the protective order.

17. On November 19, 2013, the Court granted Plaintiff's request to substitute Mr. Gafni as counsel for Plaintiff.

3

SEAN M. SULLIVAN DECL. OPPOSING MOTION FOR
PARTIAL SUMMARY JUDGMENT
DWT 23524069v1 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

18. On November 25, 2013, not having heard from Plaintiff's new counsel, I sent Mr. Gafni an email regarding a number of outstanding issues, including the re-scheduling of Mr. Rosen's deposition. A true and correct copy of my email to Mr. Gafni is attached hereto as Exhibit "W". Mr. Gafni responded that same day requesting to meet and confer the following week on his anticipated motion for summary judgment/adjudication, which was eventually scheduled for December 5, 2013.

19. Since Mr. Gafni was coming into my office the following week anyway, I decided to produce to him in person at that meeting the confidential documents that we had been holding pending entry of the protective order. I handed those documents to Mr. Gafni on December 5, 2013 (just over two weeks after the protective order was entered). Included in that production was the six page "DMCA SOP" document and documents providing contact information and further identifying information for the third-party sellers identified by Plaintiff in his complaint.

### Plaintiff Previously Sued And Settled A Case Against JG Autographs Related To One Of The Same Products At Issue Here

20. On November 25, 2013, I accessed the Public Access to Court Electronic Records (PACER) site for the Central District of California and searched for and printed the docket report for a prior case brought by Plaintiff entitled, *Rosen v. Autograph World LLC*, Case No. 11-cv-05462-ABC (FMO) (the "*Autograph World* Case"). I also accessed and printed out the complaint filed by Plaintiff in the *Autograph World* Case. Attached hereto as Exhibits "X" and "Y," respectively, are a true and correct copies of the docket report and complaint from the *Autograph World* Case that I printed.[1]

---

[1] Exhibit "__" includes all pages of the complaint available on PACER. However, the version of the complaint available on PACER appears to be missing pages 12-13 from the original.

4

SEAN M. SULLIVAN DECL. OPPOSING MOTION FOR
PARTIAL SUMMARY JUDGMENT
DWT 23524069v1 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

21. As indicated on the face of the complaint and docket report in the *Autograph World* Case, one of the defendants named by Plaintiff in the *Autograph World* Case was JG Autographs, Inc. ("JG Autographs"). Also, as indicated in the complaint, the *Autograph World* Case involved two of the same copyright registered photographic works at issue in this case: a photographic image of Ali Landry, Registration No. Vau 660-263, and a photographic image of Charlotte Lewis, Registration No. Vau 1-027-889.

22. As indicated by the docket report for the *Autograph World* Case, the case was ultimately resolved as to JG Autographs via stipulation for dismissal entered on March 1, 2012.

23. On September 9, 2013, I spoke with the principal for JG Autographs and counsel for JG Autographs from the *Autograph World* Case. Both confirmed that the *Autograph World* Case not only involved the same copyright registered photographic images, but at least one of the same accused products that is at issue in this lawsuit, namely the autographed 8x10 portrait of Charlotte Lewis that was posted for sale on Amazon's website by JG Autographs. Both also confirmed that a settlement agreement had been entered into to resolve the *Autograph World* Case.

24. Plaintiff never produced a copy of the settlement agreement from the *Autograph World* Case, despite Amazon's discovery requests seeking production of that document.

**Plaintiff's Allegation That Amazon Required Pre-Approval For The Posting Of The Products At Issue Is Incorrect**

25. Plaintiff attaches copies of printouts from the product detail pages for the four products at issue in this case as Exhibits 2, 6 and 11 to the Declaration of Barry Rosen. As reflected on those documents, but for the purposes of guiding the Court's attention to it, at the top left of each of the printouts for the product detail pages, there is a title describing the product and in what product category it was listed.

5
SEAN M. SULLIVAN DECL. OPPOSING MOTION FOR
PARTIAL SUMMARY JUDGMENT
DWT 23524069v1 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

26. For the Erika Eleniak poster, the title at the top left reads: "Amazon.com: Erika Eleniak Poster Red Hair #02 24X36in: Everything Else." *See* Ex. 2 to Rosen Declaration.

27. For the Charlotte Lewis autographed print, the title at the top left reads: "Amazon.com: Charlotte Lewis Star of Pirates by Polanski Autograph: Everything Else." *See* Ex. 6 to Rosen Declaration.

28. For the two photos of Ali Landry, the titles at the top left read: "Amazon.com: Ali Landry 8x10 Photo. #1935: Everything Else," and "Amazon.com: Ali Landry 8x10 Photo. #1936: Everything Else," respectively. *See* Ex. 11 to Rosen Declaration.

### Plaintiff's Deposition

29. On January 22, 2014, I took the continued deposition of Plaintiff (which was scheduled against pursuant to the Court's December 20, 2013 order permitting Amazon to complete Plaintiff's deposition in order to oppose Plaintiff's motion for partial summary judgment. Attached hereto as Exhibit "Z" are true and correct excerpts from the certified copy of the transcript from that session of Plaintiff's deposition.

30. Attached hereto as Exhibit "AA" is a true and correct copy of Amazon's Sixth Amended Notice of Deposition of Barry Rosen. Although Plaintiff's deposition was originally noticed to begin at 12:30 p.m. on January 22, 2014, Plaintiff did not actually appear until close to 2:00 p.m. Plaintiff's counsel informed me via email throughout the course of the day that Plaintiff was experiencing car trouble and was running late.

31. When Plaintiff did finally appear at my office on January 22, 2014, he appeared to be in discomfort and almost immediately started complaining about not being able to clear his ear from the ride up in the elevator. In addition, Plaintiff stated that he was on Oxycodone and that he wasn't sure he would be able to answer deposition questions. Due to Plaintiff's expressed discomfort and statement that it

6

SEAN M. SULLIVAN DECL. OPPOSING MOTION FOR
PARTIAL SUMMARY JUDGMENT
DWT 23524069v1 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

would affect his ability to answer questions, I asked Plaintiff's counsel, Mr. Gafni, how he wanted to proceed.

32. Mr. Gafni spoke to his client off the record and took time to get his client gum to chew in order to help clear his ear. During that time, Mr. Gafni stated that if we needed to re-schedule the deposition, he would agree to a stipulation to do so. When Mr. Gafni and Plaintiff returned approximately 20 minutes later, Mr. Gafni informed me that Plaintiff was ready to continue his deposition.

33. After approximately another hour, Plaintiff stated that he was "running out of juice" and may need to take a nap. Plaintiff and Mr. Gafni had another discussion off the record and then Mr. Gafni told me that his client would continue with his deposition.

34. After another seven minutes of questioning, during which Plaintiff was largely unable to recall any information, Plaintiff's counsel asked to take another break. After speaking to his client again, Mr. Gafni informed me that Plaintiff was going to take a nap before he could continue questioning. I then directed Plaintiff to a location to lie down.

35. After approximately 30 minutes, Plaintiff and Mr. Gafni returned. Upon returning, Mr. Gafni informed me that Plaintiff would continue with his deposition.

36. At no time during the entire course of the deposition and during my off-the-record discussions with Mr. Gafni, did he ever raise an objection about Plaintiff's capacity to answer questions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of February, 2014, in Los Angeles, California.

_____
Sean M. Sullivan

7
SEAN M. SULLIVAN DECL. OPPOSING MOTION FOR
PARTIAL SUMMARY JUDGMENT
DWT 23524069v1 0051461-000296

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899