Exhibit P

| | |
|---|---|
| **From:** | Curt Steindler |
| **To:** | Nguyen, Jimmy; Sullivan, Sean |
| **Subject:** | ROSEN v. Amazon - Plaintiff"s Discovery |
| **Date:** | Friday, July 12, 2013 4:43:43 PM |
| **Attachments:** | ROSEN-Amazon3 - Plaintiffs Doc Demands.pdf |
| | ROSEN-Amazon3 - Plaintiffs Rogs.pdf |

Jimmy and Sean,

Attached please find Plaintiff's Interrogatories and Demand for Documents served upon you electronically pursuant to our stipulation.

Curt Steindler

Exhibit Q



865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566

Sean M. Sullivan
213.633.8600 main
213.633.8644 dir
213.633.6899 fax

seansullivan@dwt.com

August 30, 2013

Via Federal Express

Curt S. Steindler, Esq.
11901 Santa Monica Boulevard
Suite 616
Los Angeles, CA 90025

Re:   *Rosen v. Amazon.com, Inc.*, Case No. CV12-10413 ABC (Ex)

Dear Curt:

Enclosed is a CD containing the first set of documents produced by Amazon.com, Inc. ("Amazon") in response to your client's discovery requests, bates numbered AMZ-BR000001-AMZ-BR000123. Our review is ongoing and we will produce any additional documents we locate in response to your client's discovery requests on a rolling basis.

Very truly yours,

Davis Wright Tremaine LLP

Sean M. Sullivan

Enclosure

cc: James D. Nguyen

DWT 22531224v1 0051461-000296

Anchorage    New York        Seattle
Bellevue     Portland        Shanghai
Los Angeles  San Francisco   Washington, D.C.

www.dwt.com

Barry Rosen v Amazon.com
AMZ-BR000001 – AMZ-BR000123



Exhibit R

| | |
|---|---|
| From: | lawrax@gmail.com on behalf of Curt Steindler |
| To: | Sullivan, Sean |
| Cc: | Nguyen, Jimmy |
| Subject: | Re: Rosen v. Amazon.com, Inc. - Discovery Responses |
| Date: | Tuesday, September 03, 2013 3:03:17 PM |

Sean,

I have only had a chance to quickly review Amazon's discovery responses. However, I noticed an issue right away. This email should be considered as my "meet and confer" in an effort to resolve the following issue. This email is not a waiver of plaintiff's right to raise any other issues in Amazon's discovery responses as may be found upon further review.

Amazon's discovery responses mention a protective order. Further, I have received no documents in response to plaintiff's request for documents. Since Amazon never raised the issue of needing a protective order prior to its responses, never attempted to meet and confer to resolve any alleged issues that might require a protective order, and never took any steps to obtain a protective order, it is my belief that refusing to provide requested documents on that basis is improper and those documents should be delivered to me immediately.

Of course, I am available to discuss this matter further.

Curt Steindler

On Thu, Aug 29, 2013 at 5:00 PM, Sullivan, Sean <SeanSullivan@dwt.com> wrote:

> Curt
>
> Attached are Amazon's written responses to Rosen's discovery requests.
>
> Take care.
>
> Sean
>
> **Sean M. Sullivan** | Davis Wright Tremaine LLP
>
> 865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
>
> Tel: (213) 633-8644 | Fax: (213) 633-6899
>
> Email: seansullivan@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

Exhibit S

| | |
|---|---|
| **From:** | Sullivan, Sean |
| **To:** | "Curt Steindler" |
| **Cc:** | Nguyen, Jimmy |
| **Subject:** | RE: Rosen v. Amazon.com, Inc. - Discovery Responses |
| **Date:** | Tuesday, September 03, 2013 5:47:36 PM |

Curt

Your position on the protective order is not well taken and indicates you are seeking to create unnecessary procedural battles. As an initial matter, a CD containing Amazon's initial document production was delivered by Federal Express to your business address this morning. Moreover, we properly asserted our objection to the production of any documents that were considered confidential in our written responses to your discovery requests – all that is required to preserve the objection. The idea that a protective order might be needed was addressed in our Joint Rule 26(f) Report filed with the Court, which contemplated that the parties would meet and confer regarding the terms of a suitable protective order for submission and approval by the Court. Obviously we couldn't know at that time whether one would be needed until we received your document requests and gathered responsive documents. We will send you a draft protective order to review in the next couple of days. After the protective order is entered, we are prepared to produce the documents covered by our confidentiality objections. Assuming we can agree to a standard protective order, this should be resolved in short order – and without the need for motion practice, which would be far more time-consuming and unproductive.

Please let me know whether there are any outstanding issues regarding the items outlined in your email that we need to "meet and confer" on and we can set up a time to discuss them.

Thank you

Sean

**From:** lawrax@gmail.com [mailto:lawrax@gmail.com] **On Behalf Of** Curt Steindler
**Sent:** Tuesday, September 03, 2013 3:03 PM
**To:** Sullivan, Sean
**Cc:** Nguyen, Jimmy
**Subject:** Re: Rosen v. Amazon.com, Inc. - Discovery Responses

Sean,

I have only had a chance to quickly review Amazon's discovery responses. However, I noticed an issue right away. This email should be considered as my "meet and confer" in an effort to resolve the following issue. This email is not a waiver of plaintiff's right to raise any other issues in Amazon's discovery responses as may be found upon further review.

Amazon's discovery responses mention a protective order. Further, I have received no documents in response to plaintiff's request for documents. Since Amazon never raised the issue of needing a protective order prior to its responses, never attempted to meet and confer to resolve any alleged issues that might require a protective order, and never took any steps to obtain a protective order, it is my belief that refusing to provide requested documents on that basis is improper and those documents should be delivered to me immediately.

Of course, I am available to discuss this matter further.

Curt Steindler

On Thu, Aug 29, 2013 at 5:00 PM, Sullivan, Sean <SeanSullivan@dwt.com> wrote:
Curt

Attached are Amazon's written responses to Rosen's discovery requests.

Take care.

Sean

**Sean M. Sullivan** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8644 | Fax: (213) 633-6899
Email: seansullivan@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

Exhibit T

| | |
|---|---|
| **From:** | Sullivan, Sean |
| **To:** | Curt Steindler (Lawrax@lawrax.com) |
| **Cc:** | Nguyen, Jimmy |
| **Subject:** | Rosen v. Amazon.com - Proposed Protective Order |
| **Date:** | Monday, September 09, 2013 3:05:01 PM |
| **Attachments:** | [Proposed] Order Granting PO (2).DOCX |
| | Stipulation and Protective Order (2).DOCX |

Curt

Attached for your review are drafts of a proposed Protective Order and Proposed Order adopting the Protective Order. Please let us know if you have any comments or edits to the attached. Otherwise, please sign and return the attached to my attention, or provide me with authorization to sign on your behalf. We will take care of filing.

Thank you

Sean

**Sean M. Sullivan** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8644 | Fax: (213) 633-6899
Email: seansullivan@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

Exhibit U

| | |
|---|---|
| **From:** | Curt Steindler <lawrax@gmail.com> on behalf of Curt Steindler <Lawrax@lawrax.com> |
| **Sent:** | Friday, October 25, 2013 3:59 PM |
| **To:** | Keegan, Dee |
| **Cc:** | Nguyen, Jimmy; Sullivan, Sean |
| **Subject:** | Re: Rosen vs. Amazon.com |
| **Attachments:** | Stipulation and Protective Order Final.pdf |

Attached please find the stip for protective order with my electronic signature.

Curt Steindler

On 10/16/2013 11:05 AM, Keegan, Dee wrote:
> Mr. Steindler, attached concerning the above matter are:
>
> - Letter dated October 16, 2013 from Mr. Sullivan
> - Stipulation and Protective Order (in Word format)
>
>
> **Dee Keegan** | Davis Wright Tremaine LLP
> Legal Secretary
> Assistant to Jimmy Nguyen, Sean Sullivan and Nicolas Jampol
> 865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
> Tel: (213) 633-6893 | Fax: (213) 633-6899
> Email: deekeegan@dwt.com | Website: www.dwt.com
>
> Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

Exhibit V

| | |
|---|---|
| **From:** | Sullivan, Sean |
| **To:** | Curt Steindler (Lawrax@lawrax.com) |
| **Cc:** | Nguyen, Jimmy |
| **Subject:** | Rosen v. Amazon |
| **Date:** | Friday, November 15, 2013 4:12:10 PM |

Curt

As we discussed, there are a number of outstanding issues we need to resolve quickly in light of upcoming deadlines. Given you are substituting out of the matter, we ask that you forward this email on to Mr. Rosen's new counsel so that we can receive a response as soon as possible.

1. <u>Mr. Rosen's deposition</u>. We need to re-schedule Mr. Rosen's deposition. After you stopped Mr. Rosen's last noticed deposition on October 23, stating that you didn't believe he was capable of giving reasonable testimony, you agreed to work with us to arrange an alternate date for the deposition. I have tried to discuss with you the subject of new dates for Mr. Rosen's deposition on a number of occasions since then, including at the mediation and in a telephone conference we had set up for last Friday, but that you cancelled as you were being substituted out. It has now been over three weeks since Mr. Rosen's deposition and we have yet to receive any alternate dates for Mr. Rosen's deposition. Please have new counsel provide us with alternate dates for Mr. Rosen's deposition immediately so that we can file an additional stipulation with the court extending the discovery cut-off to take Mr. Rosen's deposition. Please be advised that we are going to require as part of any additional stipulation a provision that if Mr. Rosen doesn't appear, or fails to complete his deposition to our satisfaction, Amazon is entitled to seek appropriate sanctions. If we do not receive alternate dates for Mr. Rosen's deposition by next Wednesday, November 20, 2013, we will be forced to seek appropriate relief from the Court for Mr. Rosen's failure to make himself available for deposition.

2. <u>Completion of Meet and Confer regarding Mr. Rosen's discovery responses</u>. As detailed in my October 16, 2013 letter to you, we feel that Mr. Rosen's responses to Interrogatory No. 15 and Document Request Nos. 1, 12 and 13 are incomplete and wholly inadequate. Please let us know, or ask new counsel to let us know, by next Wednesday, November 20, 2013, whether you will supplement these responses. Otherwise, we will assume our meet and confer obligations have been satisfied with respect to these responses and we will include them in our motion to compel, which we plan to file shortly.

3. <u>Protective Order</u>. We plan to file with the Court on Monday the signed protective order you sent us. As soon as the protective order is entered by the Court, we will produce any remaining documents we have withheld on the basis that they are confidential.

Please let Mr. Rosen's new counsel know that he should feel free to contact me with any questions.

Thank you for your cooperation on these issues.

Sean

**Sean M. Sullivan** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8644 | Fax: (213) 633-6899
Email: seansullivan@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.