UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10413 ABC (Ex) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Barry Rosen v. Amazon.com, Inc. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:**  ORDER DENYING Plaintiff Barry Rosen's Motion for Partial Summary Judgment (In Chambers)

Pending before the Court is Plaintiff Barry Rosen's Motion for Partial Summary Judgment Re Liability for Copyright Infringement and Defendant's Affirmative Defenses, filed on December 16, 2013. (Docket No. 39.) Defendant Amazon.com, Inc. opposed on February 10 and Plaintiff replied on February 24. (Docket Nos. 54, 66.)[1] The Court finds this matter appropriate for resolution without oral argument and **VACATES** the March 10, 2014 hearing date. Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons below, the motion is **DENIED**.

**I. BACKGROUND**

As the parties are familiar with the facts, the Court will not restate them in full. To summarize, Plaintiff sent Amazon Digital Millennium Copyright Act ("DMCA") takedown notices, claiming that four (4) of his copyrighted photographs were being offered for sale on Amazon.com by third party sellers in violation of his copyrights. (Statement of Undisputed Facts ["SUF"] 6, 17, 26.) In response to the takedown notices, Amazon removed the product detail pages (the pages where customers may view, research, and purchase products on Amazon.com). (SUF 79.) Amazon did not, however, remove the image files uploaded by the third party sellers from its internal servers, which are separate from the servers used to store information for the product detail pages. (Amazon SUF 81, 82, 86.)

Based on the fact that the image files were not immediately removed, Plaintiff moves for partial summary judgment regarding Amazon's liability for contributory and vicarious copyright infringement and that Amazon cannot establish any affirmative defenses to liability.

**II. LEGAL STANDARD**

---

[1] On February 28, 2014, Amazon filed an *ex parte* application for leave to file a surreply to address Plaintiff's evidentiary objections to the declarations of Zachary Wiggans and Sean Croman. (Docket No. 68.) Plaintiff opposed on March 2. (Docket No. 70.) For the reasons set forth in Amazon's *ex parte* application, the application is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10413 ABC (Ex) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Barry Rosen v. Amazon.com, Inc. | | |

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Wash. Mut. Inc. v. United States, 636 F.3d 1027, 1216 (9th Cir. 2011). Material facts are those that may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) ("[The non-moving party] can defeat summary judgment by demonstrating the evidence, taken as a whole, could lead a rational trier of fact to find in its favor.") (citations omitted).

Both parties must support their factual positions by "citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. DISCUSSION

The Court begins by striking Plaintiff's supplemental declaration and then addresses the genuine issues of material fact that preclude summary judgment.

    A.    **The Court Strikes Plaintiff's Supplemental Declaration**

In the supplemental declaration filed concurrently with his Reply (Docket No. 66-1), Plaintiff claims that "Amazon chose to go forward [with the deposition] despite the fact they knew that I was in pain, on medication and extremely tired." (Rosen Supp. Decl. ¶ 3.) Plaintiff attacks Amazon's counsel, stating that had counsel "chosen to ask the right questions in the deposition" or had Plaintiff "properly been asked questions," then Plaintiff would have responded with the response that is now being provided in his supplemental declaration. (Id. ¶¶ 4, 7, 10, 11.)

Plaintiff's supplemental declaration is a blatant attempt to "re-do" his deposition without providing Amazon an opportunity for cross-examination. The Court has reviewed the videotaped deposition, which reveals that Amazon's counsel informed Plaintiff at the outset that if he was having any issues resulting from his medication to please let him know so he could address it. (Rosen Dep. II at 26:17-21.) About five minutes into the deposition, Plaintiff complained of ear pain, and Amazon's counsel asked Plaintiff's counsel how he wanted to proceed. (Rosen Dep. II at 27:24-28:15.) After a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10413 ABC (Ex) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Barry Rosen v. Amazon.com, Inc. | | |

few minutes off the record, Plaintiff returned to continue his deposition.  Id.  Even after Amazon's counsel gave Plaintiff a break to nap and Plaintiff's counsel allowed him to continue testifying, Plaintiff still could not answer basic questions about his profession, his photographs, or this case.  (Id. at 61:11-67:17.)  At no time during the entire course of the deposition or during Amazon's counsel's off-the-record discussions with Plaintiff's counsel, did Plaintiff ever raise an objection about his capacity to answer questions.  (Declaration of Sean M. Sullivan ¶ 36.)

Contrary to Plaintiff's characterizations that Amazon's counsel "sought to attack Barry Rosen at deposition" and "exhibit[ed] a shocking lack of basic empathy" (Reply at 4), the Court finds Amazon's counsel was exceedingly patient with Plaintiff who, for the most part, responded to questions with "I don't recall" or by referencing his declaration.  (Rosen Dep. II at 25:17-26:9; 64:6-14.)  When Amazon's counsel questioned Plaintiff regarding certain statements made in his declaration, Plaintiff responded, "If it's here, it's here.  I don't know why you persist in asking me questions.  If it's here, it's here."  (Id. at 123:22-124:1; see also id. at 105:23-106:1 ["If it's in my declaration . . . then it's there and that's what it is"]; id. at 108:15-17 ["If it's in my declaration, then that's probably what happened.  So, you know, it's in my declaration. I mean, I don't know what more to say."].)  Plaintiff even went so far as to refuse to confirm that the declaration marked as an exhibit and shown to him was the declaration he submitted in support of this motion, stating, "Well, given that I don't know its source, and given that, I can't verify."  (Id. at 122:19-123:13.)[2]

Moreover, the second part of Plaintiff's supplemental declaration introduces new material that could and should have been raised in the motion.  (Rosen Supp. Decl. ¶¶ 12-15.)  For example, Plaintiff's December 11, 2013 discovery of a purportedly unauthorized Anna Kournikova print should have been included in his motion, which was filed on December 16, 2013.  All of the new material is improper in a Reply.

For the foregoing reasons, the Court **STRIKES** Plaintiff's supplemental declaration in its entirety.  Plaintiff is on notice that the Court strongly disapproves of his apparent strategy of submitting a supplemental declaration in lieu of responding substantively to questions at deposition and introducing new material and arguments in his Reply.

    **B.**    **Genuine Issues of Material Fact Preclude Summary Judgment**

Plaintiff has failed to carry his burden of showing that no genuine issues of material fact exist as to the central dispute in this motion: whether Amazon is liable for copyright infringement based on the image files that remained on its internal servers after the product detail pages, which linked to those image files, were removed, or whether its conduct falls within the DMCA's safe harbor.

---

[2]  The Court notes that, after being too "foggy" to answer Amazon's questions, Plaintiff gave relatively lengthy and cogent answers when he had an opportunity to bolster his own allegations against Amazon.  (See, e.g., Reply at 8, fn.8.)  This behavior is highly suspicious.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10413 ABC (Ex) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Barry Rosen v. Amazon.com, Inc. | | |

The DMCA safe harbor provides in relevant part:

> (c) Information residing on systems or networks at direction of users.--
>
> (1) In general.--A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider, if the service provider--
>
> (A)(i) does not have actual knowledge that the material or an activity using the material on the system or network is infringing;
>
> (ii) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or
>
> **(iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;**
>
> (B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and
>
> (C) upon notification of claimed infringement as described in paragraph (3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.

17 U.S.C. § 512(c) (emphasis added); see UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1019 (9th Cir. 2013) ("[T]he language of the statute recognizes that one is unlikely to infringe a copyright by merely storing material that no one could access"; "if the material were still being stored by the service provider, but was inaccessible, it might well not be infringing").

Once the detail pages are disabled, Amazon argues that it has "disable[d] access to" the material. The public cannot access the image files through the use of internet search engines or by searching the Amazon.com website because the image files are stored using a randomly generated alphanumeric identifier that does not contain any descriptive information about the image (*e.g.*, http://ecx.images-amazon.com/images/I/41zO8IDSY7L_SS500_.jpg). (SUF 88.) Amazon has submitted a declaration explaining that the only way to access the image file is to enter the exact URL in a web browser's address field, which generally requires the user to have copied the URL address *before* Amazon disabled the detail page. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10413 ABC (Ex) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Barry Rosen v. Amazon.com, Inc. | | |

Plaintiff contends that he specifically included the URLs for the image files in his DMCA takedown notices and Amazon was required to remove those files, just as it did the detail pages, to qualify for the safe harbor defense. It appears that because Plaintiff had previously copied and saved the links to the image files, he was able to access them even after the product detail pages were taken down. (SUF 10, 20, 29.) Plaintiff has presented no evidence of any other person accessing the image files.

The Court finds that material issues of fact exist as to whether the image files stored on Amazon's internal servers are infringing activity. A reasonable jury could find that by removing the product detail pages, Amazon "disabled access" to the files in compliance with the statute. Given that this finding provides a sufficient basis to deny Plaintiff's motion for partial summary judgment, the Court need not address the other issues regarding Amazon's right and ability to control third party sellers, financial benefits, whether Amazon's form properly designated an agent, and Amazon's repeat infringer policies.

## IV. CONCLUSION

Accordingly, Plaintiff's supplemental declaration (Docket No. 66-1) is **STRICKEN** and Plaintiff's motion for partial summary judgment is **DENIED**.

The parties are **ORDERED** to jointly submit a proposed scheduling order **no later than March 18, 2014**, that includes a mediation completion date and dates for the final pretrial conference and jury trial.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | AB |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10413 ABC (Ex) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Barry Rosen v. Amazon.com, Inc. | | |